Catherine MAYS, Plaintiff–Appellant,

v.

KING COUNTY, a Municipal
Corporation, Defendant–
Appellee.

No. 08–35762.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 14, 2009.

Filed Oct. 20, 2009.

Rebecca J. Roe, Schroeter Goldmark &
Bender, Seattle, WA, for Plaintiff–Appel-
lant.

Endel R. Kolde, Esquire, John R. Zel-
denrust, Seattle, WA, for Defendant–Ap-
pellee.

Before: RAWLINSON and
CALLAHAN, Circuit Judges, and
CUDAHY,* Senior Circuit Judge.

MEMORANDUM **

Catherine Mays (Mays) appeals the dis-
trict court's grant of summary judgment in
favor of King County on her Title VII and
Washington Law Against Discrimination
claims.

Reviewing *de novo, see Porter v. Cal.
Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir.
2005), *as amended,* we conclude that Mays

* The Honorable Richard D. Cudahy, Senior
United States Circuit Judge for the Seventh
Circuit, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

failed to raise a material issue of fact regarding the existence of a hostile work environment.

King County disciplined the offending inmate after each incident, increasing the severity of the punishments accordingly, and Mays was previously unaware of harassment directed toward other individuals in the workplace. *See Brooks v. City of San Mateo,* 229 F.3d 917, 924 (9th Cir. 2000) (affirming district court's grant of summary judgment where the Plaintiff was unaware of other harassment victims); *cf. Ellison v. Brady,* 924 F.2d 872, 882–83 (9th Cir.1991) (concluding that a genuine issue of fact existed whether employer properly disciplined the harassing co-worker).

The district court did not abuse its discretion when it excluded Officer Cercenia's report and testimony of past misconduct. *See Block v. City of Los Angeles,* 253 F.3d 410, 419 (9th Cir.2001) (concluding that the district court abused its discretion in relying on affidavit which was "inadequate under Rule 56(e)," "[n]ot made on personal knowledge," and "based on inadmissible hearsay") (citation omitted).

**AFFIRMED.**